**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **REDSKINS GRILLE 1, LLC,** | * | Case No.  17-10102-KHK |
| | * | Chapter 7 |
| Debtor. | * | |
| | * | |
| **H. JASON GOLD, PLAINTIFF,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adv. Pro. No. 18-01045-KHK |
| | * | |
| **OLD TOWN FOOD SERVICE, LLC,** *et al.* | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM DECISION SUPPLEMENTING FINDINGS AND
CONFIRMING PRIOR AWARD OF EXPECTATION DAMAGES**[1]

This Matter is before the Court on remand by the United States District Court for the Eastern District of Virginia ("District Court") in case number 19-cv-633 (LMB/MSN).  On February 27, 2020, the District Court issued its Memorandum Opinion ("Memorandum Opinion") and entered an Order affirming this Court's award of summary judgment to the Trustee on Count I of the Trustee's Amended Complaint in all respects, except for this Court's conclusion about the amount of damages to which the Trustee is entitled as a result of Old Town Food Service, LLC's ("Old Town Food") breach of contract.  (U.S. District Court Case No. 19-cv-633 (LMB/MSN) ("Appeal Dkt."). entry number 11. The Memorandum Opinion provided that "[b]ecause the bankruptcy court 'has not sufficiently articulated its reasoning on [the issue of damages]' [the

---

[1] This decision constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52, as incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7052.

District Court] 'does not have a sufficient record upon which to review' the decision." (Appeal Dkt. 11, p. 19).

The District Court remanded this adversary proceeding to this Court for further proceedings consistent with the Memorandum Opinion "to determine the amount of damages to which the Trustee is entitled and in doing so to more fully address" whether the Trustee's expectation damages are the purchase price or $462,57, the amount listed in the Carve-Out order. (Appeal Dkt. 11, p. 19). On remand, "all that remains to be determined is the amount of damages to which the Trustee is entitled." (Appeal Dkt. 11, p. 18).

Upon review of the District Court's Memorandum Opinion, the Proposed Findings of Fact and Conclusions of Law submitted by the Trustee and Old Town Food, and the record in this case, the Court will adopt the Trustee's Proposed Findings of Fact and Conclusions of Law, as modified below, and will confirm the award of the purchase price as the proper measure of the Trustee's damages.

### Findings of Fact

*Trustee's Expectation Damages Arising from Old Town Food's Breach of Contract.*

1.      As the Court noted at the March 5, 2019 hearing, "…the bid form, the bidding procedures order and the sale order are the only documents before the Court that control the Trustee's proposed asset sale and lease assignment." (Adversary Proceeding Case No. 18-01045 KHK ("Adv. P. Dkt.") 63, p. 4:6-10). The expected gross proceeds from the sale of all of the Debtor's assets ("Restaurant Assets"), and for the assumption and assignment of the Deed of Lease dated May 22, 2014 ("Deed of Lease," and collectively with the Restaurant Assets, the "Debtor's Assets") with One Loudoun Downtown, LLC, as subsequently assigned to RPAI Ashburn Loudoun, L.L.C. ("Landlord") was the $700,000.00 purchase price. (Bankruptcy Case No. 17-10102-KHK ("Bankr. Dkt.") entry number 168); (Bankr. Dkt. 191). In other words, had the sale and lease

assignment been consummated, the Trustee, on behalf of the estate, would have received a total of $700,000 from Old Town Food.

2. On November 29, 2017, counsel for Old Town Food sent correspondence to the Trustee indicating that Old Town Food would not close on its contract to purchase the Restaurant Assets and take the assignment of the Deed of Lease. (Adv. P. Dkt. 46, Ex. 6-C). The deadline for the Trustee to assume and assign the Deed of Lease was December 6, 2017, which was 120 days after the conversion date of August 8, 2017. 11 U.S.C. § 365(d)(4)(i); (Adv. P. Dkt. 46, Ex, 6, Gold Decl. at ¶ 10).

3. It was not possible for the Trustee to assume and assign the Deed of Lease to anyone other than Old Town Food within the seven days between Old Town Food's breach and the deadline to assume and assign the Deed of Lease. *Id*. at ¶¶ 11 - 13. As a result, the Deed of Lease was ultimately deemed rejected on December 6, 2017, and the total value of the Debtor's Assets was destroyed. *See Id.* at ¶¶ 13 - 14.

4. Old Town Food did not pay the remaining $600,000 owed to the bankruptcy estate under the terms of the sale order and the Trustee was otherwise unable to sell the Debtor's Restaurant Assets or assign the Deed of Lease. *Id*. at ¶¶ 11-15).

***Old Town Food's Landlord-Tenant Relationship***

5. Between October 6, 2017, when the Landlord first filed its Objection to the sale and when this Court entered the sale order on November 16, 2017, Old Town Food and its counsel, Mr. Rosenblum, appeared before this Court on several occasions to advocate in favor of the sale. *See (*Bankr. Dkt. 185; Adv. P. Dkt. 44, Ex. F; and Bankr. Dkt. 206).

6. On November 1, 2017, the Court held an evidentiary hearing ("Sale Hearing") to consider the proposed sale of the Debtor's Restaurant Assets, the assumption and assignment of the Deed of Lease, and the Landlord's objections to the proposed assumption and assignment. *See*

Bankr. Dkt. 183. *See also* (Bankr. Dkt. 185).

7.  On November 14, 2017, Mr. Rosenblum transmitted a letter to Judge Kevin R. Huennekens of this Court on behalf of Old Town Food requesting the inclusion of certain language in the pending sale order related to Old Town Food's desired renovations. (Bankr. Dkt. 186). *See (*Adv. P. Dkt. 44, Ex. F and H; Adv. P. Dkt. 44, Ex. F).

8.  On November 15, 2017, Judge Huennekens conducted an emergency telephonic hearing to resolve a dispute over the form of this Court's ruling following the Sale Hearing ("Emergency Hearing"). (Bankr. Dkt. 188); (Adv. P. Dkt. 44, Ex. I).

9.  On November 16, 2017, the Court entered its Order Authorizing Sale of Debtor's Assets Free and Clear of Liens and Interests Pursuant to U.S.C. § 363(f) and the Assumption and Assignment of Debtor's Deed of the Deed of Lease of Non-Residential Real Property Pursuant to 11 U.S.C. § 365 ("Sale Order"). (Bankr. Dkt. 191).

10. Under the Sale Order, the Bankruptcy Court overruled the Landlord's objections to the proposed sale and assignment, approved Old Town Food's offer and the Trustee's acceptance thereof, and authorized the Trustee's sale of the Restaurant Assets and the assignment of the Deed of Lease to Old Town Food, or its assigns. *Id*.  The Sale Order also included the specific language requested by Mr. Rosenblum in his November 14, 2017, letter. (Bankr. Dkt. 191); (Adv. P. Dkt. 44, Ex. F).  The Sale Order required closing within seven days of entry of the Order. (Bankr. Dkt. 191).  As previously noted, fourteen (14) days after entry of the Sale Order, Old Town Food refused to close on the sale of Debtor's Assets, citing a difficult landlord as the supposed reason. (Adv. P. Dkt. 46, Ex. 6-C).

11. In the November 29, 2017 letter to the Trustee from Mr. Rosenblum, the cited reason for Old Town Food's refusal to close on its contract to purchase the Restaurant Assets and take assignment of the Deed of Lease was "Mr. Landini's sense that the Landlord was not pleased

(much less excited) that the successful Fish Market Concept would soon be its tenant." *Id*. The November 29, 2017 letter further provided that Mr. Landini believed the Landlord's unwillingness to consider his modest requests would lead to a "stressful relationship." *See Id.*

### *The Carve-Out Order*

12. On November 13, 2017, before the Court entered the Sale Order, this Court entered an order granting a Joint Motion to Approve Carve-Out from Sale Proceeds with respect to the sale of Debtor's Assets ("Carve-Out Order") (Bankr. Dkt. 184).

13. The Joint Motion to Approve Carve-Out from Sale Proceeds ("Joint Motion") was initially filed on September 20, 2017 by First Republic Bank, and Herman/Stewart Construction and Development (collectively, the "Secured Creditors") and the Trustee to approve an agreed carve-out from the Secured Creditors' liens with respect to the sale of the Debtor's Assets. (Bankr. Dkt. 161); (Bankr. Dkt. 184). The Carve-Out Order specifically provided that the Debtor's bankruptcy estate "shall be entitled to a carve-out ("Carve-Out") from the proceeds from the sale…." *Id*. The only parties to the Carve-Out Order were the Trustee, First Republic Bank, and Herman/Stewart Construction and Development. Neither the Landlord nor Old Town Food was a party to the Carve-Out Order and neither derived any benefit from it. *Id*.

14. The Carve-Out Order only addressed the disposition of sale proceeds from the sale of Debtor's Assets, including the Lease. *Id*. The terms of the Carve-Out Order could not take effect as to the disposition of the sale proceeds until after the sale closed and the consideration was paid to the bankruptcy estate. *See* Bankr. Dkt. 184.

15. On February 19, 2019, this Court heard arguments on the cross Motions for Summary Judgment, including argument that the Trustee's damages should be limited to the amount of the Carve-Out Order, and ultimately took the matter under advisement. (Adv. P. Dkt. Nos. 55-56).

16.   Under this Court's oral findings of fact and conclusions of law on March 7, 2019, this Court rejected Old Town Food's argument that the Trustee's expectation damages should be limited to the amount of the Carve-Out-Order. The Court awarded the Trustee expectation damages in the amount of $600,000 which, along with the $100,000 deposit previously paid to the Trustee, represented the full purchase price. (Adv. P. Dkt. 63).

**Conclusions of Law**

Old Town Food asserts that the Trustee's expectation damages should be limited by the Carve-Out Order. The Court disagrees. "[E]xpectation damages, or damages intended to put the injured party in the same position in which it would have been had the contract been performed" are the appropriate measure of damages for breach of contract. *Reynolds v. Reliable Transmissions, Inc.*, No. 3:09- CV-238, 2010 WL 2640065, at *4 (E.D. Va. June 29, 2010) (quoting *Marefield Meadows, Inc. v. Lorenz*, 245 Va. 255, 427 S.E.2d 363, 366 (Va. 1993).

First, the Carve-Out Order memorializes an agreement between the Trustee, First Republic Bank, and Herman/Stewart Construction and Development, Inc. It is well settled that only intended beneficiaries have standing to enforce agreements. *In re Remington Park Owners Ass'n, Inc.*, 548 B.R. 108, 120 (Bankr. E.D. Va. 2016) (only intended beneficiaries have standing to enforce contract). Old Town Food is neither a party to, nor a beneficiary under, the Carve-Out Order. Second, the Carve-Out Order was dependent upon a sale occurring, which obviously did not happen because Old Town Food refused to perform.

Accordingly, because Old Town Food's breach of contract was the direct cause of the loss to the bankruptcy estate of the full $700,000 purchase price, the proper measure of expectation damages against Old Town Food arising from its breach of contract was the full $700,000.00. The Trustee shall treat the Deposit as partial satisfaction of the $700,000 damage award.

Any principles of equity limiting Old Town Food's liability for its breach of contract to the

$462,571.11 carve-out amount as set forth in the Carve-Out Order are not applicable in this case, and should not be used to limit expectation damages, which constitute a legal remedy (not an equitable one).

*Assuming arguendo* that equitable principles must be applied, "'he who asks equity must do equity, and he who comes into equity must come with clean hands.'" *Albert v. Albert,* 38 Va.App. 284, 299, 563 S.E.2d 389, 397 (2002); *Harris v. Commonwealth, Dep't of Soc. Servs., Div. of Child Support Enf't, ex rel. Painter,* No. 2703-10-3, 2011 WL 2183141, at *2 (Va. Ct. App. June 7, 2011). Although Old Town Food may claim that the Landlord's conduct contributed to this breach, in reality, the difficulties arose because Old Town Food sought to alter terms of the Lease following entry of the Sale Order. Section 365 of the Bankruptcy Code does not allow an assignee to pick and choose which provisions will be honored upon an assumption and assignment—the lease or unexpired contract must be assumed as a whole, and the assignee must be able to honor the lease. While Old Town Food might say that the Landlord was unreasonable to not make concessions and amend the Lease, the fact remains that Old Town Food was aware of the Landlord's intention to honor the Lease according to its terms (as required by the Bankruptcy Code) when Old Town Food agreed to assume the lease.

To allow Old Town Food to limit its liability under an equitable theory would reward it for breaching a Contract, and punish the Landlord, the Trustee and the estate for following the contract and the bankruptcy laws. *See Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988) ("[T]he Supreme Court has instructed that whereas a bankruptcy court is a court of equity, its equitable powers are circumscribed by limitations contained in the Bankruptcy Code and other applicable federal law."); *see e.g., United States v. Sutton,* 786 F.2d 1305, 1308 (5th Cir.1986) (section 105 does not 'authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving

commission to do equity').*" In re Vest Assocs.,* 217 B.R. 696, 699–700 (Bankr. S.D.N.Y. 1998) (citations omitted).

### *Conclusion.*

Accordingly, the Court hereby confirms and supplements its prior findings and award of the purchase price as the proper measure of the Trustee's expectation damages following Old Town Food's breach of contract.

Date: Aug 10 2021

/s/ Klinette H Kindred

Klinette H. Kindred
United States Bankruptcy Judge

Entered On Docket: August 10, 2021

Copy Electronically to:

H. Jason Gold
Steven B. Ramsdell